**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILES BROOK'S-WASHINGTON,** | : | **CIVIL NO. 3:15-CV-1426** |
| | : | |
| **Plaintiff,** | : | **(Judge Caputo)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **LAUREL HARRY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

On July 23, 2015, the plaintiff, a state prisoner, acting *pro se*, filed this federal civil rights action. (Doc. 1.) This complaint is a spare, four-page, pleading. In it, the plaintiff names the Superintendent at SCI Camp Hill, a property officer at the prison and a unit manager as defendants. While these individuals are named in the caption of the case, the body of the complaint makes no reference whatsoever to these defendants. Instead, the plaintiff complains in general terms that he did not receive several books which were confiscated by unnamed persons. On the basis of this claim, which is not linked in any intelligible fashion to any particular defendant, the plaintiff seeks various forms of injunctive and declaratory relief. (Id.)

Along with this complaint, the plaintiff has filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will grant the plaintiff leave to proceed *in forma pauperis*, but as part of our legally-mandated screening review we find that the plaintiff has failed to state a claim against the named defendants upon which relief may be granted since he has not stated what these defendants are alleged to have done that violated his rights. Therefore, we recommend that the Court dismiss this complaint for failure to state a claim upon which relief can be granted, without prejudice to the filing of an amended complaint which complies with federal pleading requirements.

**II.     Discussion**

**A.     Screening of *Pro Se* Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal

Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

3

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550

5

U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional

6

support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties

[the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Applying these legal benchmarks, we conclude that this complaint fails to meet federal pleading standards and should, therefore, be dismissed.

### B. The Complaint Should Be Dismissed Without Prejudice

To state a constitutional tort claim the plaintiff must show that the named defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific

allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). Here, the plaintiff's complaint does nothing more than name various officials in the caption of the case, and then seek to hold those officials personally liable based upon the officials' status as prison officials without making any specific factual allegations about these defendants in the body of this pleading. To the extent that this complaint simply premises the liability of these defendants upon their governmental status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

Indeed, as presently drafted the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon

County, 219 F. App'x 221, 222 (3d Cir. 2007). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the . . . things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).

Here, we find that this complaint fails to adequately identify what the defendants are alleged to have done that violated the plaintiff's rights. Without further coherence and clarity on the plaintiff's part, the defendants simply cannot reasonably be expected to respond to this document and would be "left [to] . . . having to guess what of the . . . things discussed constituted [a cause of action]" against them. Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). Therefore, in these circumstances, Rule 8 also calls for the dismissal of this complaint in its current form.

We recognize, however, that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the complaint does not allege facts that would state a claim upon which relief may be granted. Nonetheless, out of an abundance of caution, and in order to preserve the

plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED , but IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted. IT IS FURTHER RECOMMENDED that the dismissal of this action be without prejudice to any effort by the plaintiff to timely allege facts in an amended complaint which might state a claim against this defendant upon which relief may be granted, provided that the plaintiff acts within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of July 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge